# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WAYNE SEARE,

    Plaintiff,

v.

ST. ROSE DOMINICAN HEALTH FOUNDATION, *et al.*,

    Defendants.

Case No. 2:10-CV-02190-KJD-GWF

**ORDER**

    Presently before the Court is Defendants St. Rose Dominican Health Foundation and Catholic Healthcare West's Counter-motion for Federal Rule of Civil Procedure 11 Sanctions (#32). Plaintiff's response was due on September 18, 2011.  On August 18, 2011, the magistrate judge granted Plaintiff's counsel's motion to withdraw and gave Plaintiff until September 18, 2011 to retain new counsel or advise the Court of his desire to proceed *pro se*.  On August 29, 2011, the magistrate judge ordered that the case be returned to the normal litigation track, but stayed discovery on September 20, 2011, because Plaintiff had failed to designate counsel or otherwise appear in the action.  Though the time for doing so has passed, Plaintiff has failed to oppose Defendants' motion for sanctions, or to associate counsel.

I. Procedural History

After being terminated as a lab technician by Defendant on December 31, 2008, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Nevada Equal Rights Commission on January 29, 2009. Plaintiff claimed that he was discriminated against based on his gender and was the victim of retaliation. After being issued a Right to Sue letter, Plaintiff filed the present action, *pro se*, on December 17, 2010. After retaining counsel, he subsequently filed an amended complaint alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964. The amended complaint referenced unwelcome sexually explicit statements by Marion Olimpo, a hospital employee and Plaintiff's co-worker. Plaintiff later produced paper copies of e-mails containing sexually explicit statements from Olimpo.

Plaintiff's Initial Disclosures included the sexually explicit e-mails. After significant discovery efforts to obtain the actual electronic e-mails from Yahoo!, Plaintiff's counsel filed a motion to withdraw on August 3, 2011 disclosing that Plaintiff had admitted that the e-mails were "embellished" and concocted to "bolster" Plaintiff's allegations that he had been sexually harassed and to convince other people to "believe him."[1] The motion stated that the disclosed e-mails bates stamped "SEARE00014-00015" are fraudulent.

II. Standard for Sanctions and Analysis

Sanctions may be appropriate under Rule 11, or the court's inherent authority. Rule 11 sanctions may be imposed where "the factual contentions" have no evidentiary support or are knowingly false. Fed. R. Civ. P. 11(b)(3). A court has the inherent power to sanction a party for bad faith conduct related to initiating and conducting litigation. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). This power is entrenched in the courts' long established equitable authority "to award expenses, including attorney's fees, to a

---

[1] Defendants' efforts to obtain electronic copies of the e-mails included hiring counsel in the Northern District of California to obtain a subpoena for the electronic copies of the e-mails from Yahoo!, extensive efforts to obtain an authorization and consent from Plaintiff to allow Yahoo! to release the information, retaining the services of an e-mail expert, and requesting Admissions, Interrogatories and Requests for Production surrounding the e-mails.

litigant whose opponent acts in bad faith in instituting or conducting litigation." Chambers, 501 U.S. at 48 (citing the Advisory Committee's Notes on the 1983 Amendment to Rule 11, 28 U.S.C. App., p. 575).  The courts' inherent power is to be used with restraint and discretion, but is particularly appropriate where the conduct at issue is not covered by one of the other sanctioning provisions such as when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Id. at 44-46, 50.

In this action, Plaintiff's conduct in providing knowingly false information to his attorney and by allowing his attorney to file an amended complaint based upon the knowingly false information violates the provisions of Rule 11 and constitutes bad faith in instituting and conducting litigation. Therefore, the Court finds that Plaintiff may be sanctioned under the Court's inherent authority and Rule 11. See Business Guides v. Chromatic Communications Enters., 892 F.2d 802, 811 (9th Cir. 1989)(Rule 11 grants the court discretion to sanction the attorney, the client, or both).  Rule 11 specifically authorizes sanctions imposed upon the client.  "[I]f a client knowingly provides false facts, or provides facts that the client should have known were false, then the client should be sanctioned."  Id.  Since Plaintiff is the individual responsible for perpetrating the fraud upon the Court and his counsel acted promptly in attempting to remedy the situation, Plaintiff is the responsible party who should be sanctioned.

"Courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585 (9th Cir. 1983).  The Ninth Circuit has also held that falsifying evidence is grounds for the imposition of the sanction of dismissal.  See Combs v. Rockwell Int'l Corp., 927 F.2d 486, 488 (9th Cir. 1991).  Furthermore, Rule 11 violations warrant an imposition of attorney's fees covering the entire litigation if a complaint or answer is filed in violation of the Rule.  See Chambers, 501 U.S. at 43, n.8.  "A court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" Id. at 45-46.

Accordingly, the Court finds that Plaintiff's conduct in this action warrants the dismissal of his complaint and an award of attorney's fees. Consistent with Fed. R. Civ. P. 54 and LR 54-16, Defendants have provided sufficient information for the Court to assess the issue, including the submission of an itemization of the work performed for Defendants. See Counter-motion at 10-12, Exhibits A-C. Upon review and consideration, the Court finds that the attorney's fees sought by Defendants are reasonable in light of the issues, nature and duration of this case. The Court finds that the hourly rates charged by Defendants' counsel are reasonable and customary for attorneys with similar experience undertaking similar work in Las Vegas, Nevada. Finally, the Court finds the documented expenses reasonable and appropriate. Accordingly, the Court awards Defendants' their attorney's fees and costs in defending this action totaling $67,430.58.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Counter-motion for Federal Rule of Civil Procedure 11 Sanctions (#32) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint (#6) is **DISMISSED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants St. Rose Dominican Health Foundations and Catholic Healthcare West and against Plaintiff in the amount of $67, 430.58.

DATED this 24th day of October 2011.

Kent J. Dawson
United States District Judge